## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

CARL E. WHITACRE,          :    Case No. 2:22-cv-1809
                          :

      Plaintiff,          :
                          :
                          :    District Judge Edmund A. Sargus, Jr.
vs.                       :    Magistrate Judge Elizabeth P. Deavers
                          :
MONROE COUNTY         :
CORRECTIONAL FACILITY,   :    **REPORT AND**
                          :    **RECOMMENDATION**
      Defendant.        :

Plaintiff, a prisoner at the Noble Correctional Institution, has filed a *pro se* civil rights Complaint in this Court against Defendants Monroe County Correctional Facility, Sheriff Charles Black Jr., and Major Rick Shipp. (*See* Doc. 1-1, Complaint at PageID 12).

This matter is before the Court for a *sua sponte* review of the Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Also before the Court are two motions filed by Plaintiff. In the first motion (Doc. 2), Plaintiff indicates that "my incarceration prevents me from sourcing & researching in a normal fashion." (*Id.* at PageID 15). Plaintiff requests "information & templates to properly provide required and/or requested information." (*Id.*). In the second motion (Doc. 3), plaintiff requests that the Court order his state court records to be unsealed. In light of the recommendation that this action be dismissed at the screening stage, it is also recommended that Plaintiff's pending motions be denied.

## Screening of Plaintiff's Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Allegations in the Complaint**

In the Complaint, Plaintiff alleges that he has "suffered a litany of rights violations while incarcerated in the Monroe County Correctional Facility." (Doc. 1-1, Complaint at PageID 13). Without any factual elaboration, Plaintiff lists the issues underlying the complaint—which he states he reported through the proper procedure/protocol—as follows:

1. Lack of access to an attorney
2. Lack of access to mental health services
3. Lack of access to healthcare
4. Inhumane conditions in the Monroe County Correctional Facility

The results of my efforts afforded me a variety of punishments, restrictions, injuries & hardships:

*unlawful detention (2-13-2022 to 3-16-2022)

1. I was unable to defend myself in court
2. my health spiraled out of control
3. I was/am suffering & sick
4. I was assaulted by correctional officers
5. I was assaulted by deputies
6. My family & I are unlawfully targeted
7. I am now in prison
8. The life I had is ruined

(*Id.*).[2]

**C. Analysis**

Plaintiff's Complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As an initial matter, the Complaint should be dismissed against the Monroe County Correctional Facility. 42 U.S.C. § 1983 provides that provides that "[e]very person who, under

---

[2] The Complaint includes a citation to Plaintiff's cases in the Monroe County Court of Common Pleas and his jail file. (*See* Doc. 1-1, Complaint at PageID 13). However, Plaintiff fails to specify how his cases/file are relevant to the instant action or allege any fact raised in his cases or jail file against the named defendants in this case.

the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . .

. to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

shall be liable to the party injured . . . ." 42 U.S.C. § 1983.  A correctional facility is not a "person"

subject to suit under 42 U.S.C. § 1983.  *See Parker v. Mich. Dep't. of Corr.,* 65 F. App'x. 922, 923

(6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See, e.g.*, *Aladimi v.*

*Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012)

(finding that the Hamilton County Justice Center was not a person subject to suit), *adopted,* 2020

WL 529585 (S.D. Ohio Feb. 17, 2012). Even if the Court liberally construed the Complaint as

being brought against Monroe County, Plaintiff fails to state a claim upon which relief may be

granted because he does not allege that his constitutional rights were violated pursuant to a custom

or policy of the county. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Therefore,

the Monroe County Correctional Facility should be dismissed as a defendant to this action.

The Complaint should also be dismissed as to the remining Defendants, the Monroe County

Sheriff Charles R. Black Jr. and Jail Administrator Major Rick Shipp. Plaintiff apparently seeks

to hold these individuals liable because "[t]he defendants are responsible for the

facility/operation." (Doc. 1-1, Complaint at PageID 13). However, to the extent that Plaintiff

seeks to hold Defendants liable based on their supervisory positions, his claims rest on a theory of

*respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for

liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *Hill v.*

*Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel

must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416,

421 (6th Cir. 1984).  Section 1983 liability is premised on active unconstitutional behavior and not

a mere failure to act.  *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199

F.3d 295, 300 (6th Cir. 1999). Plaintiff's allegation that defendants are responsible for the

5

operation of the Monroe County Correctional Facility is not enough to impose liability under section 1983.

In any event, the Complaint does not include any specific factual allegation against the named Defendants. Plaintiff does not specify what Defendants did or failed to do that he claims resulted in a violation of his constitutional rights. Plaintiff merely lists in a conclusory fashion a "litany" of alleged rights violations. (Doc. 1-1, Complaint at PageID 13). Such "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Plaintiff has pled insufficient factual content to state a claim for relief. *See Twombly,* 550 U.S. at 5.

Accordingly, in sum, because Plaintiff has failed to state an actionable claim against the named Defendants, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The Plaintiff's Complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**2.** Plaintiff pending motions (Doc. 2, 3) be **DENIED.**

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:   April 18, 2022                                s/ *Elizabeth A. Preston Deavers*___
                                                                          Elizabeth A. Preston Deavers
                                                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d947 (6th Cir. 1981).