UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARL E. WHITACRE,**

    **Plaintiff,**

  v.                          Case No. 2:22-cv-1809
                              JUDGE EDMUND A. SARGUS, JR.
                              Magistrate Judge Elizabeth P. Deavers

**MONROE COUNTY
CORRECTIONAL FACILITY,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of *pro se* Plaintiff Carl Whitacre's untimely filed Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 11.) Because the Court adopted the Magistrate Judge's Report and Recommendation (the "Report") prior to Plaintiff filing his Objections, the Court therefore construes Plaintiff's motion as one requesting reconsideration of the Order adopting the Report (ECF No. 9) and the Judgment (ECF No. 10) entered on May 5, 2022. Given this procedural posture, Plaintiff's request for reconsideration would have little value without an order to vacate the prior Order adopting the Report and Judgment. Accordingly, the Court shall construe Plaintiff's motion as the following: (1) a motion to vacate the Report and Judgment and (2) a motion objecting to the Magistrate Judge's Report.

For the reasons stated herein, the Court **VACATES** the Order adopting the Report and Recommendation and the Judgment, **OVERRULES** Plaintiff's objections to the Report and Recommendation, and **ADOPTS** the Report and Recommendation. Plaintiff's Complaint is **DISMISSED** and the pending motions (ECF Nos. 2, 3, 18) are **DENIED**.

1

I. BACKGROUND

On March 28, 2022, *pro se* Plaintiff Carl Whitacre filed a civil rights action against the Monroe County Correctional Facility, Sheriff Charles Black, Jr., and Major Rick Shipp. (Compl. at 1, ECF No. 1-1.) As alleged in the Complaint, Plaintiff has "suffered a litany of rights violations while incarcerated in the Monroe County Correctional Facility." (*Id.* at 5.) The Complaint then states that Plaintiff "followed the proper procedure/protocol to report the problems" and sought "remedies" for the following issues:

> (1) Lack of access to an attorney
> (2) Lack of access to mental health services
> (3) Lack of access to healthcare
> (4) Inhumane conditions in the Monroe County Correctional Facility

(*Id.*)

Plaintiff's efforts, rather than remedying his problems, allegedly led to a variety of negative consequences:

> *unlawful detention (2-13-2022 to 3-16-2022)
> (1) I was unable to defend myself in court
> (2) My health spiraled out of control
> (3) I was/am suffering & sick
> (4) I was assaulted by correctional officers
> (5) I was assaulted by deputies
> (6) My family & I are unlawfully targeted
> (7) I am now in prison
> (8) The life I had is ruined

(*Id.*)

Plaintiff also includes a citation to his cases in the Monroe County Court of Common Pleas and his jail file, though Plaintiff does not include an explanation as to how his cases/jail file are relevant to the instant action. (*Id.*)

On April 18, 2022, Magistrate Judge Vascura screened Plaintiff's Complaint, finding that it was subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because it failed to

state a claim on which relief may be granted. (Rep. & Rec. at 4–6, ECF No. 8.) More specifically, Magistrate Judge Vascura recommended dismissal of the Complaint because (1) Defendant Monroe County Facility is not subject to § 1983 liability because it is a correctional facility, and a correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983; (2) Plaintiff's Complaint sought to hold Defendants Black, Jr. and Shipp liable on a theory of *respondeat superior*, which is inapplicable to § 1983 claims; and (3) the Complaint failed to include any specific factual allegations against the named Defendants, thus falling short of the basic pleading requirements set forth in Federal Rule of Civil Procedure 8(a). (*Id.*)

Included with Magistrate Judge Vascura's Report was a "Notice Regarding Objections." (*Id.* at 7.) This notice stated that Plaintiff had 14 days to file any written objections to the Report and that "[a]ll objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections." (*Id.*)

Having received no objections within the 14-day deadline, this Court adopted the Report and entered judgment on May 5, 2022. (ECF Nos. 9, 10.) That same day, the Clerk of Court received Plaintiff's written objection to the Report, dated April 20, 2022. (ECF No. 11.) This single-page filing stated that Plaintiff needed additional time to provide evidence establishing "the specific and factual basis" of his claim, citing his *pro se* status, other time commitments involving an appeal in an unrelated case, and "matters specific to my family & education" as grounds for his request. (*Id.*) In a separate filing, Plaintiff stated that he mailed his written objection on April 21, 2022, but ODRC took two weeks to process it. (June 2, 2022 Notice, ECF No. 14.) Following the filing of his objection, Plaintiff has since filed hundreds of documents with the Court—most of which are unrelated to the present action. (*See* ECF Nos. 12, 13, 14, 15, 16, 17, 18, 19.)

3

## II.     LAW & ANALYSIS

As discussed above, the Court construes Plaintiff's motion as both a request to vacate the Order adopting the Magistrate Judge's Report and Judgement and as an objection to the Magistrate Judge's Report. The Court will first address the request to vacate before turning to Plaintiff's objection.

### A. The Court Vacates the May 5, 2022 Order and Judgment

The Court construes Plaintiff's "Objection to Report and Recommendation" as timely filed and vacates its previous Order and Judgment entered before receiving Plaintiff's objection. (ECF Nos. 9, 10.) Federal Rule of Civil Procedure 60 allows a court to grant relief from a judgment or order when a mistake has occurred. Fed. R. Civ. P. 60(a) and (b)(1). Here, Plaintiff asserts that he mailed his objection to the Magistrate Judge's Report on April 21, 2022, but ODRC did not process the objection until two weeks later. (June 2, 2022 Notice, ECF No. 14.) Because of this delay, the Court adopted the Magistrate Judge's Report upon a mistaken assumption that Plaintiff had not objected. Given this mistake, the Order adopting the Report (ECF No. 9) and the Judgment (ECF No. 10) are **VACATED**.

### B. The Court Overrules Plaintiff's Objection to the Report

Before addressing the merits of Plaintiff's objection to the Report, the Court will first provide an overview of the legal standard governing Plaintiff's objection.

When a party objects to a portion of a magistrate judge's report and recommendation, the court reviews that portion *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (stating that the district court need not consider objections that are "frivolous, conclusive, or general" because "the parties have the duty to pinpoint those portions of

the magistrate's report that the district court must specially consider") (citations omitted). The district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Here, Plaintiff fails to make any specific objections to Magistrate Judge Vascura's Report. Plaintiff's motion, titled "Objection to Report and Recommendation," states in full:

> In addition to documents mailed by me, from Noble Correctional Institution, on April 13, 2022, more evidence in support, to establish the specific and factual basis of my claim is forthcoming.
>
> I am in need of more time for a variety of verifiable reasons – namely the way I have to do things and because I have to do everything myself. Furthermore, I am also in the midst of an appeal and matters specific to my family & education.
>
> What I'm doing in this venue is what I can do to be a catalyst for necessary change in my home county and help those who can't help themselves & can't do what I can do. To be blunt, things need to change & someone needs to do something – this needs to happen.

(Objection to R&R, ECF No. 11.)

Plaintiff's motion references "forthcoming" evidence that will support his claim, but this evidence never arrives. Between May 13, 2022 and July 29, 2022, Plaintiff filed hundreds of documents with the Court, though none of these documents "pinpoint those portions of the magistrate's report that the district court must specially consider." *See Mira*, 806 F.2d at 637. The Court will briefly summarize each filing:

On May 13, 2022, the Court received a letter from Plaintiff divided into three sections: (1) general allegations that Monroe County has profited from the Monroe County Correctional Facility despite the facility being the epicenter of numerous rights violations; (2) general allegations that Monroe County police officers have engaged in actions violating civil liberties, such as conducting unlawful searches and seizures; and (3) a discussion comparing two types of police officers, referred to as "Glory Boys" and "Good Old Boys." (May 13, 2022 Letter, ECF No. 12.)

5

On June 2, 2022, Plaintiff notified the Court that he did not receive the Court's Order adopting the Report until six days after its issuance. (June 2, 2022 Notice, ECF No. 14.) This notice also represents that Plaintiff mailed his motion objecting to the Report on April 21, 2022. (*Id.*) Finally, Plaintiff's notice asserts that he had evidence demonstrating that Noble Correctional Institute falsified documents for every person that has arrived at the facility during Plaintiff's incarceration. (*Id.*)

A day later, the Clerk of Court received another notice from Plaintiff. (June 3, 2022 Notice, ECF No. 13.) This notice, totaling 70 pages, consists of documents challenging an unrelated civil protection order entered against Plaintiff and other court documents for cases unrelated to the instant action. (*See id.*)

On June 6, 2022, Plaintiff filed a 58-page document titled "Evidence in Support," which asks the Court to "investigate the crimes that form the basis" of this action. (Evidence in Support, ECF No. 15.) This filing criticizes the conditions in which Monroe County Correctional Facility holds disabled inmates and includes Plaintiff's correspondence with Disability Rights Ohio, in which he requests their intervention. (*Id.*) Also included in this filing is a completed inmate grievance form, dated 9/3/2022, which denies Plaintiff's grievance concerning his medical treatment at Monroe County Correctional Facility. (*Id.*)

10 days later, the Clerk of Court received a letter from Plaintiff criticizing the lawlessness in southeastern Ohio. (June 16, 2022 Letter, ECF No. 16.) This letter also included a signed affidavit from Plaintiff for an unrelated case. (*Id.*)

On June 27, 2022, the Clerk of Court received a letter from Plaintiff consisting of a wide range of vague and conclusory allegations against "the State" and ODRC. (June 27, 2022 Letter, ECF No. 17.)

Two days later, Plaintiff filed a 103-page document titled "Motion." (June 29, 2022 Motion, ECF No. 18.) This filing includes correspondence between Plaintiff and the Ohio Attorney General's Office, as well as legal filings and court documents concerning unrelated matters in unrelated cases. (*Id.*) Also included are handwritten letters asserting vague allegations against the "state of Ohio," such as "[t]hey wouldn't help me when I was obviously in need of help and trying to tell them what they needed to know." (*Id.*)

Plaintiff's last filing, a notice received on July 29, 2022, details Plaintiff's filings in an unrelated case filed in the Noble County Court of Common Pleas and his expectation that "federal authorities" will "do something" or "make someone else do something" that is "desirable to the local courts and the state of Ohio." (July 29, 2022 Notice, ECF No. 19.)

Notably absent from any of these filings is a specific objection to Magistrate Judge Vascura's Report. The Report recommended dismissal of Defendant Monroe County Facility because, as a correctional facility, it is not a "person" subject to suit under 42 U.S.C. § 1983—yet nowhere in Plaintiff's filings does he object to this finding. The Report also recommended dismissal of Defendants Black, Jr. and Shipp given that Plaintiff's claims against these Defendants were premised on a theory of *respondeat superior*, which is inapplicable in the § 1983 context— but Plaintiff's filings, once again, do not challenge this application of the law. Finally, like the previous two findings in the Report, Plaintiff's filings also fail to challenge the Magistrate Judge's finding that Plaintiff's Complaint did not meet Rule 8(a)'s basic pleading requirements. Given Plaintiff's failure to "pinpoint those portions of the magistrate's report that the district court must specially consider," this Court need not consider Plaintiff's "general" objection. *See Mira*, 806 F.2d at 637; *see also Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (holding that a district court has no duty to conduct an independent review of the portions of the report and recommendation to

which a party has not objected).

But even if the Court were to consider Plaintiff's objection, a review of Magistrate Judge Vascura's Report reveals an adept application of law to the facts sitting before her. First, the Report recommended dismissal of Defendant Monroe County Correctional Facility because it is not subject to suit under § 1983. This finding is correct. 42 U.S.C. § 1983 provides that "[e]very *person* who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). And the law in this District unambiguously holds that a correctional facility, such as Defendant Monroe County Correctional Facility, is not a "person" subject to suit under § 1983. *See Evans v. Franklin Cnty. Corr. II*, No. 2:22-cv-3669, 2022 U.S. Dist. LEXIS 230979, at *11 (S.D. Ohio Dec. 22, 2022) ("To the extent [plaintiff] is attempting to sue the correctional facility itself, the claim fails because a correctional facility is not a 'person' that can be sued under § 1983."), *adopted*, 2023 U.S. Dist. LEXIS 9088 (S.D. Ohio Jan. 18, 2023); *Williams v. Ohio Dep't of Rehab. & Corr.*, No. 1:20-cv-205, 2020 U.S. Dist. LEXIS 81788, at *4 (S.D. Ohio Mar. 16, 2020), *adopted*, 2020 U.S. Dist. LEXIS 80599 (S.D. Ohio May 7, 2020) (citing *Parker v. Michigan Dept. of Corrections*, 65 F. App'x. 922, 923 (6th Cir. 2003)) ("A correctional facility is not a 'person' subject to suit under 42 U.S.C. § 1983.").

The Report also correctly found that Plaintiff's Complaint failed to state a claim against the remaining Defendants because Plaintiff sought to hold them liable under a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for liability. Plaintiff's Complaint alleges only that Defendants Sheriff Charles Black, Jr. and Jail Administrator Major Rick Shipp "are responsible for the facility/operation." (Compl. at 1, ECF No. 1-1.) This

8

allegation is insufficient to state a claim against those Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Dallas v. Chippewa Corr. Facility*, No. 20-1941, 2022 U.S. App. LEXIS 5381, at *8 (6th Cir. Mar. 1, 2022) (dismissing claims against deputy warden because "vicarious liability of supervisors, under the doctrine of *respondeat superior*, is not permitted under § 1983"). Here, Plaintiff did not plead that Defendants Black, Jr. and Shipp, *through their own individual actions*, violated the Constitution, and therefore Magistrate Judge Vascura properly recommended dismissal of the claims against them. *See Iqbal*, 556 U.S. at 676.

Magistrate Judge Vascura's third finding—that Plaintiff's Complaint fails to meet the basic pleading standards—is also legally sound. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557). Citing to the Complaint, the Report rightly found that "Plaintiff merely lists in a conclusory fashion a 'litany' of alleged violations," and that "[s]uch 'naked assertion[s] devoid of further factual enhancement' fail to meet the basic pleading standard under *Twombly*." (Rep. & Rec. at 6, ECF No. 8.) As such, Plaintiff's Complaint falls short of Rule 8(a)'s basic pleading requirements and dismissal is

appropriate.

In sum, the Court **OVERRULES** Plaintiff's objection to the Report and Recommendation and **ADOPTS** the Magistrate Judge's recommendations and findings in their entirety. In light of this decision, the Court also **DENIES** Plaintiff's pending motions.[1]

### III. CONCLUSION

For the foregoing reasons, the Court **VACATES** the Order adopting the Report and Recommendation (ECF No. 9) and the Judgment (ECF No. 10), **OVERRULES** Plaintiff's Objection to the Report and Recommendation (ECF No. 11), and **ADOPTS** the Report and Recommendation (ECF No. 8). Plaintiff's Complaint is **DISMISSED** (ECF Nos. 1-1, 7) and the pending motions are **DENIED** (ECF Nos. 2, 3, 18).

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**3/6/2023**            **s/Edmund A. Sargus, Jr.**
**DATED**            **EDMUND A. SARGUS, JR.**
           **UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff's first motion requests "information & templates to properly provide required and/or requested information." (ECF No. 2.) Plaintiff's second motion seeks an order to unseal his state court records. (ECF No. 3.) And Plaintiff's third "Motion," discussed in Section II.B, is a 103-page document that lacks a discernible purpose. (ECF No. 18.)